**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OTABEK SAMIEV,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 26-06509** |
| | : | |
| **J.L. JAMISON, *et al.*,** | : | |
| **Respondents.** | : | |

## ORDER

Otabek Samiev, who is represented by counsel, petitions for habeas relief, urging that DHS has violated the Administrative Procedure Act and the Due Process Clause. 8 U.S.C. § 2241; (Doc. No. 1.) The Government opposes Samiev's request for relief. (Doc. No. 7.) I will deny his Petition and Motion for Limited Discovery. (Doc. Nos. 1, 9.)

Mr. Samiev is a native of Tajikistan and the Russian Federation. (Doc. No. 1 ¶ 1.) On October 28, 2022, he entered the United States with his family and was encountered by DHS officers. (Id. ¶ 21.) DHS released Samiev and his family from custody by "Order of Recognizance" (O.R.) pending their immigration hearing. (Id. ¶ 22.) In March 2025, Samiev was detained at a routine immigration appointment. (Id. ¶ 25.) On April 29, 2025, he was subsequently released on bond. (Id. ¶ 26.) On August 31, 2026, he was re-detained by DHS, giving rise to this instant Petition. (Id. ¶ 27.)

In contrast with most recent habeas petitions before this Court, there is no dispute that ICE detained Samiev under § 1226(a), and thus must afford him a bond hearing before an Immigration Judge. Cf. Buele Morocho v. Warden Phila. FDC, No. 26-1150, 2026 U.S. App. LEXIS 26353 (3d Cir. Aug. 28, 2026) (rejecting mandatory detention under § 1225(b)(2) for petitioners already residing within the United States); Alekseev v. Warden Phila. FDC, No. 26-0462, 2026 U.S. Dist. LEXIS 29893 (E.D. Pa. Feb. 13, 2026) (collecting cases). Indeed, on September, 2, 2026, ICE

provided Samiev with an I-286 Form, through which he "request[ed] an [I]mmigration [J]udge [to] review [his] custody determination." (Doc. No. 7-6 (Ex. F).) A bond hearing was scheduled for Samiev on September, 14, 2026; however, at the hearing, Samiev withdrew his bond request. (Doc. Nos. 7-7 (Ex. G), 7-8 (Ex. E).)

Samiev thus "must exhaust the administrative remedies provided by § 1226(a) before seeking habeas relief from this Court." Ubaid v. Jamison, No. 26-2681, 2026 U.S. Dist. LEXIS 106445, at *5 (E.D. Pa. May 14, 2026); see Demirel v. Phila. FDC, 2025 U.S. Dist. LEXIS 226877, at *12 (§ 1226(a) provides for "a bond hearing before an IJ and an appeal to the BIA should the IJ deny bond"). Accordingly, "the merits of [his] claims that he is being held in violation of federal law are no[t] ripe for review." Id. at *9 (citing Doe v. Jamison, No. 26-1906, 2026 U.S. Dist. LEXIS 68893, at *9 n.36 (E.D. Pa. Mar. 31, 2026)).

In these circumstances, I will deny Petitioner the habeas relief that he seeks. Given my decision, I will deny his Motion for Limited Discovery as moot.

***

**AND NOW**, this 22nd day of September, 2026, upon consideration of Samiev's "Petition for Writ of Habeas Corpus" (Doc. No. 1) and "Motion for Leave to Conduct Limited Discovery and Imposition of a Discovery Plan" (Doc. No. 9), and the Government's Responses in Opposition (Doc. Nos. 7, 12), it is hereby **ORDERED** that the Petition (Doc. No. 1) is **DENIED** and the Motion (Doc. No. 9) is **DENIED as moot**.

**BY THE COURT:**

*/s/ Paul S. Diamond*

**PAUL S. DIAMOND, J.**